Miguel J. Chapa
Chapa Law Group, PC
2999 N. 44th St., Suite 516
Phoenix, Arizona 85018
State Bar No. 027660
mchapa@chapalawgroup.com
efile@chapalawgroup.com
602-266-9006

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ilda Herrera, an adult individual, for herself and on behalf of all the statutory beneficiaries entitled to recover for the wrongful death of Gilberto Herrera; and as Personal Representative for the Estate of Gilberto Herrera,<br><br>Plaintiff,<br><br>vs.<br><br>Western Express, Inc., d/b/a Western Express, a Tennessee corporation; and Dustin Figueroa, a Maryland resident,<br><br>Defendants. | No. 2:19-cv-00803-JJT<br><br>**PLAINTIFFS' AMENDED COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiffs, Ilda Herrera, surviving wife of Gilberto Herrera, deceased, on behalf of herself and as statutory Plaintiff for Anahi Guadalupe Herrera Tafoya, Angelica Herrera Gastelum, G.H.I. (minor), L.H.I. (minor), and M.H.I. (minor), the surviving children of Gilberto Herrera, deceased, pursuant to ARIZ. REV. STAT. ANN. § 12-611 (2018), *et seq.*, and as Personal Representative of the Estate of Gilberto Herrera, by and through their attorneys at Chapa Law Group, P.C., bring this civil action against Defendants, Western Express, Inc., and Dustin Figueroa, and allege as follows:

**I. NATURE OF THE ACTION**

1.      This is a civil action for damages to remedy the above-named Defendants' negligence and violations of city, state, and federal regulations, and Defendant Western Express, Inc.'s independent and vicarious liability for Defendant Figueroa's negligence which caused the death of Plaintiff Gilberto Herrera.

**II. PARTIES**

2.      Plaintiff Ilda Herrera is a citizen of the State of Arizona, residing at 3130 W. McKinley Street, Phoenix, AZ 85009.  She is the wife of Gilberto Herrera, deceased, and brings this action on her own behalf and as statutory Plaintiff for Anahi Guadalupe Herrera Tafoya, Angelica Herrera Gastelum, G.H.I. (minor), L.H.I. (minor), and M.H.I. (minor), the surviving children of Gilberto Herrera, deceased, pursuant to ARIZ. REV. STAT. ANN. § 12-611 (2018), *et seq*.  She also brings a survival claim as the Personal Representative of the Estate of Gilberto Herrera pursuant to ARIZ. REV. STAT. ANN. § 14-3110 (1974) and § 14-3715(22) (2009).

3.      Defendant Western Express, Inc., d/b/a Western Express (hereinafter "Western Express") is a Tennessee corporation, authorized to do (and doing) business in Maricopa County, Arizona, and regularly causes its products and services to be sold in the State of Arizona.  Service of process can be effectuated by private process service by serving its registered agent: National Registered Agents, Inc., 2390 E. Camelback Road, Phoenix, AZ 85016.

4.      Defendant Dustin Figueroa (hereinafter "Figueroa") is a Harford County, Maryland resident, residing in Abingdon, Maryland, and service of process can be effectuated by

serving him by private process service at his place of residence: 2921 Alconbury Ct, Abingdon, MD 21009.  At all times material hereto, Defendant Figueroa was an employee and/or agent of Defendant Western Express, and acting in the course and scope of his employment or agency.

5.      Defendants Jane Does I-X, John Does I-X, ABC Corporations I-X, XYZ partnerships, and ABC Limited Liability Corporations I-X are corporations, business entities, persons, agents, servants or employees whose true names are not now known to Plaintiffs.  To the extent of discovery to be conducted, Plaintiffs allege that Jane Does I-X, John Does I-X, ABC corporations I-X, XYZ partnerships I-X, and ABC Limited Liability Corporations I-X are residents of the State of Arizona and/or non-residents, and that they caused events to occur in the State of Arizona out of which Plaintiffs' cause of action arises. Plaintiffs request leave of Court to amend the Complaint once the true identities of these defendants become known to the Plaintiffs.

### III. JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (2006), 28 U.S.C. § 1332(a)(1) (2011).

7.      This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) (2011).  Plaintiffs and Defendants are citizens of different States.  Plaintiffs are domiciled and reside in Arizona.  Defendant Western Express is incorporated in Tennessee and has its principal place of business in Tennessee.  Defendant Dustin Figueroa is domiciled and resides in

Maryland.  The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (2011).  Defendant Western Express employed Defendant Figueroa to drive to and deliver goods and/or services in the State of Arizona.  Defendant Figueroa was working in the course and scope of his employment with Defendant Western Express when both availed themselves of the privileges and benefits of conducting business in Arizona.

9.      The Court's exercise of personal jurisdiction over Defendants Western Express and Figueroa comports with due process.

## IV. FACTUAL ALLEGATIONS

10.     Upon information and belief, on or about February 15, 2017, Defendant Figueroa worked for Defendant Western Express.

11.     Upon information and belief, sometime between February 14, 2017, and February 15, 2017, while in the course and scope of his employment with Defendant Western Express, Defendant Figueroa drove a 2007 Wills Flatbed Trailer, VIN:4WWBJB6B77N611843, and left it in the roadway, detached from the tractor he drove, on or near 49th Ave. and Jefferson St. in Phoenix, AZ.

12.     Defendant Figueroa was not at the scene of the crash.

13.     Defendant Figueroa placed no reflectors, signs, lights, flags, cones, or other signals to make the abandoned trailer reasonably discernable to motorists lawfully using the highway.

14.   Defendant Figueroa left the trailer, without warning devices or lights, in a manner that obstructed the roadway.

15.   The trailer was therefore not reasonably discernable to motorists in the early morning hours of February 15, 2017.

16.   The area where the trailer was parked was not sufficiently lit to illuminate the trailer for motorists.

17.   Neither Defendant Western Express nor Defendant Figueroa attempted to remove the Wills Flatbed trailer before the crash.

18.   On or about February 15, 2017, at approximately 5:48am, the decedent, Gilberto Herrera, was driving a 2001 Chevrolet Suburban, bearing Arizona License Plate BAJ7104, westbound on Jefferson St., driving behind a large white box truck.

19.   Gilberto Herrera, deceased, legally attempted to pass the large white box truck when his Suburban crashed into the abandoned flatbed trailer belonging to Western Express, which was left in the roadway by Defendant Figueroa.

20.   By 6:03am, Phoenix Fire Captain Pantoja pronounced Gilberto Herrera deceased at the scene of the crash.

## V. CAUSES OF ACTION

### COUNT 1
### (NEGLIGENCE – DEFENDANT FIGUEROA)

21.   Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully stated and alleged herein.

22.     Defendant Figueroa had a duty to operate his tractor and Wills Flatbed Trailer in a safe manner to avoid injuries and damages to others lawfully upon the roadway.

23.     As a driver of a commercial vehicle upon the public roadway, Defendant Figueroa had duties to comply with the Federal Motor Vehicle Safety Standards and Regulations, the laws of the State of Arizona, and the ordinances of the City of Phoenix in the operation of his tractor and trailer.

24.     Defendant Figueroa breached these aforementioned duties.

25.     On the occasion in question, Defendant Figueroa committed acts of omission and commission, which collectively and severally constitute negligence.  Defendant Figueroa's negligence consisted of, but is not limited to, the following acts and/or omissions:

      a.   In that Defendant Figueroa failed to act as a reasonably careful person would have acted under the circumstances;

      b.   In that Defendant Figueroa failed to remove the Wills Flatbed Trailer from the roadway, which was entrusted to him in his employment by Defendant Western Express; and

      c.   In that Defendant Figueroa failed to provide any warning devices to alert motorists as to the existence of the abandoned Wills Flatbed Trailer in the roadway.

26.     Plaintiffs are members of the class designed to be protected by PHX. CITY CODE § 23-9.  Said code imposes a duty, which Defendant Figueroa breached, and said unexcused breach was a proximate cause of the Plaintiffs' injuries and damages described herein.

27.     Plaintiffs are members of the class designed to be protected by PHX. CITY CODE

§ 23-11.   Said code imposes a duty, which Defendant Figueroa breached, and said unexcused breach was a proximate cause of the Plaintiffs' injuries and damages described herein.

28.     Plaintiffs are members of the class designed to be protected by 49 C.F.R. § 392.22 (2012) relating to providing warnings to the motoring public regarding stopped vehicles. Defendant Figueroa breached this requirement and said unexcused breach was a proximate cause of the Plaintiffs' injuries and damages.

29.     Accordingly, and as a matter of law, Defendant Figueroa's failure to comply with the provisions of PHX. CITY CODE §§ 23-9 & 23-11, as well as 49 C.F.R. § 392.22 renders him negligent *per se*.

30.     As a direct and proximate result of Defendants' negligence, individually and jointly, Plaintiffs suffered bodily harm.

31.     Plaintiffs are accordingly entitled to compensatory damages against Defendant Figueroa.

## COUNT 2
## (NEGLIGENCE – DEFENDANT WESTERN EXPRESS)

32.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully stated and alleged herein.

33.     At the time of the subject crash and at the time he committed negligence, Defendant Figueroa was the agent and/or employee of Defendant Western Express.

34.     At the time of Defendant Figueroa's negligent acts and/or omissions, he was acting within the course and scope of his employment as an agent and/or employee of Defendant Western Express.

35.     Therefore, Defendant Western Express is liable for Plaintiffs' damages under the doctrine of *Respondeat Superior* because the negligence of its agent and/or employee was a proximate cause of the subject crash and damages described herein.

36.     Moreover, Defendant Western Express is responsible for the actions of its agents, such as Defendant Figueroa, under the common law principles of agency.   Defendant Figueroa's negligence was a proximate cause of the crash which formed the basis of this suit, and the subsequent damage and injury suffered by Plaintiffs.

37.     On or about the date of the subject crash, Defendant Figueroa was operating a tractor-trailer owned by Defendant Western Express with the knowledge, permission, and consent of Defendant Western Express.

38.     Defendant Western Express entrusted the tractor-trailer to Defendant Figueroa, an incompetent driver who did not appreciate the risks inherent with leaving an abandoned trailer in the roadway.

39.     Defendant Western Express knew or (through the exercise of their duty to use reasonable care) should have known that Defendant Figueroa was an incompetent driver.

40.     Nevertheless, Defendant Western Express negligently and carelessly entrusted the tractor-trailer to Defendant Figueroa, although Defendant Western Express knew or (in the exercise of reasonable care) ought to have known Defendant Figueroa presented an unreasonable risk of harm.

41.    Defendant Figueroa's negligence was a proximate cause of the crash which forms the basis of this suit, and the injuries and damages suffered by Plaintiffs.

42.    Upon information and belief, Defendant Western Express was negligent in hiring, training, supervising, and/or retaining Defendant Figueroa when a reasonable company would have determined that he was an unfit employee.

43.    Defendant Western Express had an obligation upon hiring Defendant Figueroa to properly train and/or supervise him and failed to do so.  Defendant Western Express failed to sufficiently train and/or supervise Defendant Figueroa regarding the risks involved with leaving abandoned trailers on roadways.  Defendant Western Express failed to train and/or supervise Defendant Figueroa regarding parking his trailer in a safe location to minimize or eliminate the risk of harm that a large commercial trailer posed to other motorists. Defendant Western Express failed to train and/or supervise Defendant Figueroa regarding the need to make his parked trailer reasonably discernable to motorists in the dark.

44.    Upon information and belief, Defendant Western Express failed in its duty to use reasonable care including, but not limited to, the actions and omissions outlined above.

45.    Defendants Western Express and Figueroa acted to serve their own interests, having reason to know (and consciously disregarding) the substantial risk that their conduct (leaving an abandoned trailer in the roadway in the dark without reasonable warnings) might significantly injure the rights and safety of others (including Plaintiffs), and consciously pursued a course of conduct, knowing that it created a substantial risk of significant harm to those persons.  Defendant Figueroa consciously disregarded the substantial risk of abandoning a trailer in the roadway and did not consider that his conduct

might significantly injure the rights and safety of others including Plaintiffs. Under these circumstances, Defendant Figueroa's conduct presented a substantial risk of harm to other vehicles and persons on the roadway. Therefore, Defendants Figueroa and Western Express should be held liable for punitive damages, as they were aware of the risks posed upon the motoring public by abandoning a flatbed trailer in the roadway, yet Defendant Figueroa knowingly did so.

**COUNT 3**
**(WRONGFUL DEATH OF GILBERTO HERRERA –**
**ARIZ. REV. STAT. ANN. § 12-611, et seq.)**

46.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as though fully stated and alleged herein.

47.    Gilberto Herrera, deceased, is survived by his wife: Ilda Herrera and his children: Anahi Guadalupe Herrera Tafoya, Angelica Herrera Gastelum, G.H.I. (minor), L.H.I. (minor), and M.H.I. (minor).

48.    Ilda Herrera brings this action on her own behalf, and as the statutory Plaintiff for Anahi Guadalupe Herrera Tafoya, Angelica Herrera Gastelum, G.H.I. (minor), L.H.I. (minor), and M.H.I. (minor), and all other statutory beneficiaries, pursuant to **ARIZ. REV. STAT. ANN.** § 12-611, *et seq*.

49.    As a proximate result of the negligence and fault of Defendants causing the death of Gilberto Herrera, his wife, Ilda Herrera, and his children, Anahi Guadalupe Herrera Tafoya, Angelica Herrera Gastelum, G.H.I. (minor), L.H.I. (minor), and M.H.I. (minor), have been deprived of their spouse's and father's love, care, affection, comfort, society,

protection, guidance, and companionship, both in the past and, in reasonable probability, into the future.

50.     Additionally, because of the death of their spouse and father, Plaintiffs have suffered pain, grief, sorrow, anguish, stress, shock, and emotional and mental suffering, both in the past and in reasonable probability into the future.

51.     Ilda Herrera also brings a survival claim as the Personal Representative of the Estate of Gilberto Herrera pursuant to **ARIZ. REV. STAT. ANN.** § 14-3110 and § 14-3715(22).  The Decedent's Estate has incurred funeral and burial expenses and has suffered a loss of the pecuniary value of lifetime earnings.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.     For general damages to compensate Plaintiffs (and all those entitled to recover under the applicable law) for the pain, anguish, sorrow, mental and/or emotional suffering, limitation, stress, and shock they experienced, and will experience in the future for all losses and damages pursuant to both the Wrongful Death and Survival statutes and common law;

B.     For the reasonable value of Plaintiffs' past and future loss of income and loss of earning capacity;

C.     For Plaintiffs' past and future loss of consortium, loss of society, affection, companionship, guidance and love;

D.     For punitive damages;

E.     For costs of suit; and,

F.      Award for pre- and post-judgment interest, attorney's fees, and such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 12th day of February, 2019.

CHAPA LAW GROUP, PC
2999 N. 44th St., Suite 516
Phoenix, Arizona 85018
602-266-9006
efile@chapalawgroup.com

*/s/ Miguel J. Chapa*
Miguel J. Chapa
AZ Bar No.: 027660

*Attorneys for Plaintiffs*

12