Phillip H. Stanfield, Bar #011729
Clarice A. Spicker, Bar #029964
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7877
pstanfield@jshfirm.com
cspicker@jshfirm.com

Attorneys for Defendant Western Express, Inc. d/b/a Western Express, and Defendant Dustin Figueroa

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ilda Herrera, an adult individual, for herself and on behalf of all the statutory beneficiaries entitled to recover for the wrongful death of Gilberto Herrera; and as Personal Representative for the Estate of Gilberto Herrera,<br><br>  Plaintiffs,<br><br>  v.<br><br>Western Express, Inc., d/b/a Western Express, a Tennessee corporation; and Dustin Figueroa, a Maryland resident,<br><br>  Defendants. | NO. 2:19-cv-00803-JJT<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

Defendants Western Express, Inc. and Dustin Figueroa ("Defendants"), by and through undersigned counsel, provides the following answer to Plaintiffs' Amended Complaint.

### I. NATURE OF THE ACTION

1. In response to paragraph 1 of Plaintiffs' Amended Complaint, Defendants admit the allegations insofar that this lawsuit arises out of a civil action for damages.  Defendants deny the remaining allegations in paragraph 1 of Plaintiffs' Amended Complaint.

7394136.1

## II. PARTIES

2. Paragraph 2 of Plaintiffs' Amended Complaint does not pertain to Defendants and is therefore not responded to. If this paragraph could be construed as against Defendants, then it is denied pending further discovery.

3. In response to paragraph 3 of Plaintiffs' Amended Complaint, Defendants admit the allegations contained therein.

4. In response to paragraph 4 of Plaintiffs' Amended Complaint, Defendants admit the allegations insofar that Defendant Dustin Figueroa is a resident of Cecil County, Maryland, residing in Rising Sun, Maryland. Defendants admit that Defendant Figueroa was acting in the course and scope of his employment with Western Express at the time of the incident giving rise to this action. Defendants deny the remaining allegations.

5. Paragraph 5 of Plaintiffs' Amended Complaint does not pertain to Defendats and is therefore not responded to. If this paragraph could be construed as against Defendants, then it is denied pending further discovery.

## III. JURISDICTION AND VENUE

6. In response to paragraph 6 of Plaintiffs' Amended Complaint, Defendants admit the allegations contained therein.

7. In response to paragraph 6 of Plaintiffs' Amended Complaint, Defendants admit the allegations contained therein.

8. In response to paragraph 6 of Plaintiffs' Amended Complaint, Defendants admit the allegations contained therein.

9. In response to paragraph 6 of Plaintiffs' Complaint, Defendants admit the allegations contained therein.

## IV. FACTUAL ALLEGATIONS

10. In response to paragraph 10 of Plaintiffs' Amended Complaint, Defendants admit the allegations contained therein.

11. In response to paragraph 11 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Figueroa dropped a 2007 Wilson Trailer with VIN 4WWBGB6BB77N611843 in the area of 51st Avenue and West Jefferson Street on February 14, 2017. As to the remaining allegations, Defendants are without sufficient information or knowledge to form a belief as to them, and therefore takes no position pending further discovery.

12. In response to paragraph 12 of Plaintiffs' Amended Complaint, Defendants do not have enough information or knowledge to form a belief as to the allegations contained therein and therefore they are denied pending further discovery.

13. In response to paragraph 13 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

14. In response to paragraph 14 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

15. In response to paragraph 15 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

16. In response to paragraph 16 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

17. In response to paragraph 17 of Plaintiffs' Amended Complaint, Defendants are without sufficient information or knowledge to form a belief as to the allegations asserted and therefore take no position pending further discovery.

18. In response to paragraph 18 of Plaintiffs' Amended Complaint, Defendants are without sufficient information or knowledge to form a belief as to the allegations asserted and therefore take no position pending further discovery.

19. In response to paragraph 19 of Plaintiffs' Amended Complaint, Defendants are without sufficient information or knowledge to form a belief as to the allegations asserted and therefore take no position pending further discovery.

20. In response to paragraph 20 of Plaintiffs' Amended Complaint, upon information and belief, Defendants admit the allegations contained therein.

## V. <u>CAUSES OF ACTION</u>

## <u>COUNT 1</u>

(Negligence-Defendant Figueroa)

21.    Defendants incorporate each of the preceding paragraphs as though the same were fully set forth herein.

22.    In response to paragraph 22 of Plaintiffs' Amended Complaint, Defendants admit the allegations insofar that Defendant Figueroa had a duty to operate his tractor-trailer in a reasonabley safe manner on the roadway.  Defendants are without sufficient information or knowledge to form a belief as to the remaining allegations and therefore take no position pending further discovery.

23.    In response to paragraph 23 of Plaintiffs' Amended Complaint, Defendants admit the allegations insofar that Defendant Figueroa had a duty to comply with the Federal Motor Carrier Safety Regulations.  Defendants are without sufficient informaiton or belief as to the remaining allegations and therefore take no position pending further discovery.

24.    In response to paragraph 24 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

25.    In response to paragraph 25 of Plaintiffs' Amended Complaint, Defendants deny each and every allegation, including subparts, contained therein.

26.    In response to paragraph 26 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs are members of the class designed to be protected by said ordinance.  As to the remaining allegations, Defendants deny them.

27.    In response to paragraph 27 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs are members of the class designed to be protected by said ordinance.  As to the remaining allegations, Defendants deny them.

28.    In response to paragraph 28 of Plaintiffs' Complaint, Defendants Defendants admit that Plaintiffs are members of the class designed to be protected by said regulation.  As to the remaining allegations, Defendants deny them.

29. In response to paragraph 29 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

30. In response to paragraph 30 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

31. In response to paragraph 31 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

**COUNT 2**
(Negligence-Defendant Western Express)

32. Defendants incorporate each of the preceding paragraphs as though the same were fully set forth herein.

33. In response to paragraph 33 of Plaintiffs' Amended Complaint, Defendants deny Defendant Figueroa was negligent.  Defendants admit that at the time of the subject incident, Defendant Figueroa was in the course and scope of his employment with Defendant Western Express.

34. In response to paragraph 34 of Plaintiffs' Complaint, Defendants deny Defendant Figueroa was negligent.  Defendants admit that at the time of the subject incident, Defendant Figueroa was in the course and scope of his employment with Defendant Western Express.

35. In response to paragraph 35 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

36. In response to paragraph 36 of Plaintiffs' Amended Complaint, Defendants admit the allegations insofar that Defendant Figueroa was in the course and scope of his employment with Defendant Western Express.  If Defendant Figueroa is found to be negligent, then Defendant Western Express would be vicariously liable under the theory of Respondeat Superior.  Defendants deny the remaining allegations contained therein.

37. In response to paragraph 37 of Plaintiffs' Amended Complaint, Defendants admit the allegations contained therein.

38. In response to paragraph 38 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

39. In response to paragraph 39 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

40. In response to paragraph 40 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

41. In response to paragraph 41 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

42. In response to paragraph 42 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

43. In response to paragraph 43 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Western Express had a duty to train and supervise Defendant Figueroa pursuant to the Federal Motor Carrier Safety Regulations and industry standard. Defendants deny the remaining allegations.

44. In response to paragraph 44 of Plaintiffs' Amended Complaint, Defendants deny the allegations containted therein.

45. In response to paragraph 45 of Plaintiffs' Amended Complaint, Defendants deny the allegations contained therein.

**COUNT 3**
(Wrongful Death of Gilberto Herrera – A.R.S.§12-611 et. seq.)

46. Defendants incorporate each of the preceding paragraphs as though the same were fully set forth herein.

47. In response to paragraph 47 of Plaintiffs' Amended Complaint, Defendants admit the allegations upon information and belief.

7394136.1        6

48. In response to paragraph 48 of Plaintiffs' Amended Complaint, Defendants admit the allegations upon information and belief.

49. In response to paragraph 49 of Plaintiffs' Amended Complaint, Defendants deny that they were negligent.  As to the remaining allegations, Defendants are without sufficient information or knowledge to form a belief to the allegations asserted and therefore take no position pending further discovery.

50. In response to paragraph 50 of Plaintiffs' Amended Complaint, Defendants are without sufficient information or knowledge to form a belief as to the allegations asserted and therefore take no position pending further discovery.

51. In response to paragraph 51 of Plaintiffs' Amended Complaint, Defendants are without sufficient information or knowledge to form a belief as to the allegations asserted and therefore take no position pending further discovery.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff decedent was comparatively at fault, which serves to eliminate or reduce damages, if any, owed by Defendant.

2. Plaintiff has failed to mitigate their damages, thus barring or reducing the recovery against Defendant.

3. Plaintiff was contributorily negligent and/or any damages received by Plaintiff was the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than Defendant, all of which bars recovery to Plaintiff herein from Defendant.

4. Plaintiff was negligent, in whole or in part, thereby reducing or eliminating any damages owing by Defendant by way of comparative negligence.

5. If, indeed, Defendant is determined to be liable for the allegations contained in the Amended Complaint, then Defendant is entitled to contribution from other defendants, named and unnamed, by way of the doctrine of contribution.

6. A party not named as a defendant in this suit, may be at fault for Plaintiff's accident, and should this matter go to trial, fault will be apportioned to this unnamed defendant.

7. Although Defendant does not presently have specific facts in support of the remaining defenses, it wishes to put counsel for Plaintiff upon notice that it raise the following defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, insufficiency of process and insufficiency of service of process, and waiver.

8. As and for a separate defense and, in the alternative, Defendant alleges the imposition of punitive damages under Arizona law violates the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution, as well as the Contract Clause, in each of the following ways.

a. Arizona law permits the imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensatory injuries thereby violating the Fourteenth Amendment of the United States Constitution.

b. Disproportionate punitive damages constitute an arbitrary and capricious taking of property which is unjustified by any rational governmental interest thereby violating the Fifth and Fourteenth Amendments of the United States Constitution.

c. The award of any punitive damages without certain safeguards to guard the jury's discretion in determining the amount of damages is contrary to due process under the Fourteenth Amendment of the United States Constitution.

d. Arizona does not provide a reasonable limit on the amount of any punitive damage award thus violating the Fourteenth Amendment of the United States Constitution.

1 | WHEREFORE, having fully answered the allegations of Plaintiff's Amended Complaint, Defendant prays that same be dismissed with prejudice, that Plaintiff take nothing thereby, that Defendant be awarded its costs and such other and further relief as to this Court deems appropriate.

DATED this 6th day of March, 2019.

JONES, SKELTON & HOCHULI, P.L.C.


By  */s/ Clarice A. Spicker*
    Phillip H. Stanfield
    Clarice A. Spicker
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendant Western Express,
    Inc. d/b/a Western Express

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

*/s/  Becky Finnell*

7394136.1

9